[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REGARDING MOTION FOR APPOINTMENT OF RECEIVER (DOCKET NO. CV-92-67556 S)
The court previously made certain findings on the record after hearing on the above motion on May 3, 1993. The Court concurs with the defense counsel that the concern of the Court is the failure to pay the first mortgage, while paying the second mortgage and the failure of a tenant Master Industrial Supply to pay current rent. This is especially true in light of the fact "Master" is the major tenant and is owned by the Defendant King.
The court is also concerned that the creation of a receiver would cost an amount that would not be offset by producing greater income nor by preventing the misapplication of the collected funds by preference of certain creditors of the mortgagor.
The court previously found that it is probable that the debt exceeds the Fair Market Value of the Mortgaged Property. CT Page 4808 By not paying the first mortgage nor the taxes and other assessment that create prior liens to the first mortgage on the premises securing the first mortgage, the value of the security securing the first mortgage note is diminished. The use of those funds to pay off the second mortgage thereby reducing the second mortgage debt and certain personal liability of the defendants on that second mortgage promissory note is not equitable. Nor is the occupancy by a company owned by the defendant in the premises without the payment of current monthly rent.
The plaintiff upon the courts request has submitted names of established property management services willing to operate in the fee range of $900.00 to $950.00 per month or 5% to 6% of collected rents, which ever is greater. These fees appear to be reasonable, provided of course the firm is capable to at least generate and collect the rents as has been done by the mortgagors.
The evidence is that the monthly rents that have been collected in the past is approximately $12,000. The plaintiff has also represented thru counsel a willingness to bear the cost of any such excess charge without adding any such amount to the mortgage debt (letter May 7, 1993 Cohn 
Birnbaum P.C.).
Accordingly, the court will appoint Palmer Property Management Co. under the aforesaid conditions that the monthly fee will be the greater of 5% of the gross rental or $900.00. The court further sets bond at $25,000. The court further orders that the Receiver Report be submitted for review by the mortgagee, mortgagor and this court on or before August 9, 1993 to determine effectiveness of the receivership.
JOHN F. WALSH, J.